## BAY VILLAGE v MARYLAND CASUALTY COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16435. Decided March 25, 1938

B. C. Boer, Cleveland, for appellee.

Squire, Sanders & Dempsey, Cleveland, for appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

212

## OPINION

By WASHBURN, J.

This cause is before this court on an appeal on questions of law.

It was submitted in the trial court upon an agreed statement of facts.

A certain owner of real estate in the Village of Bay, desiring to have a plat of the same approved by the city before making the improvements upon the streets in said allotment, entered into a bond in the penal sum of $5000, in which the landowner agreed to make the improvements which an ordinance of the city required be made, and to make the same by a certain date, to wit, November 22, 1926.

The appellant casualty company signed said bond and in reliance thereon the village approved said plat, thereby authorizing the recording of said plat as a public record, and said plat was so recorded; and by reason of the aforesaid happenings the fee of the streets shown in said plat vested in the village, in trust for the uses intended, and the village was charged by law with the duty of keeping said streets open, in repair and free from nuisance.

The landowner did not make said improvements, and on June 22, 1933, the village called upon the casualty company to either comply with the agreement of the landowner or pay the penalty of the bond.

It appears also that the making of the required improvements, either at the time agreed upon in the contract or at the time demand was made upon the casualty company, would have cost more that the penalty of the bond.

This suit was begun to collect damages resulting from the breach of said contract of the landowner.

The trial resulted in a judgment for the full amount of the penalty of the bond, together with interest, not from the date on which the landowner should have completed the improvements, but from the date of the demand upon the casualty company.

We hold that the fact that the Village of Bay did not make the improvements which the landowner agreed to make does not in any way affect the right of the village to recover from the casualty company the damage suffered by the village by the breach of the contract made by said landowner, and for the performance of which said bond was given.

**Village of Bay v United States Fidelity & Guaranty Co, 24 Oh Ap 73; (4 Abs 549).**

It is claimed that, inasmuch as it. was admitted that the damage resulting from the breach exceeded the full penalty of the bond, no interest could be allowed.

We think that the weight of authority in this country sustains the proposition that, when the village demanded that the casualty company perform the contract and it failed to do so, it breached the contract; and as it is admitted that the damages at that time exceeded the penal sum of the bond, the casualty company from that time forward detained money in its possession which it was its duty to pay to the village, and under such circumstances was liable for interest as damages for such detention, even though the recovery exceeded the penalty of the bond.

The Judgment will be affirmed.

STEVENS, PJ, and DOYLE, J, concur in judgment.